IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40469
Conference Calendar
_____

RONALD DALE ALEXANDER,

Plaintiff-Appellant,

versus

ANN RICHARDS and DAN
MORALES,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CV-94
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Ronald Alexander, proceeding pro se and in forma pauperis (IFP), argues that the magistrate judge and the district court were racially biased in dismissing his civil rights complaint brought pursuant to 42 U.S.C. § 1983.  Alexander argues that former Texas Governor, Ann Richards, and Texas Attorney General, Dan Morales, conspired with Grayson County, Texas, police and prosecutors in wrongly charging and prosecuting him on fabricated criminal charges.

_____

[*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

A complaint brought IFP may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) if it has no arguable basis in law or fact.  Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). Section 1915(d) dismissals are reviewed for abuse of discretion. Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992).  To recover damages for an allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed.  Id.

Alexander's claims are not cognizable, as he has failed to demonstrate that his conviction has been set aside or otherwise called into question.  See id.  As Alexander's civil rights complaint lacks an arguable basis in law, the district court did not abuse its discretion by dismissing the complaint as frivolous.

Because the appeal is patently frivolous, it is DISMISSED. 5th Cir. R. 42.2.  Alexander is warned that the filing of further frivolous appeals will result in the imposition of sanctions, and this court cautions him to withdraw any pending frivolous appeals.

APPEAL DISMISSED.